# Halo and Stieglitz *versus* Schick.

1. Where an estate is conveyed as security for money, intending it to be defeasible on payment or to be retained on non-payment, the instrument is a mortgage.

2. Where a sale or lease is made for a price, it will not be converted into a mortgage, because the price or rent is to go in satisfaction of a debt in part or whole.

February 24th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 298, to January Term 1867.

This was an ejectment, in which Herman Halo and Edward Stieglitz were plaintiffs, and Charles Schick was defendant. The writ issued May 4th 1866, and was returned "served."

The plaintiffs gave in evidence a judgment entered February 23d 1865, in favor of Isaac Bernheimer *et al.* against Joseph B. Hart, for $3496.15, executions on the judgment, sale by the sheriff, and deed for the premises in question from the sheriff to the plaintiffs, July 1st 1865.

The defendant gave in evidence a due-bill dated January 13th 1865, from Hart to Schick, for $1000.

The defendant then offered in evidence a lease of the premises, dated February 4th 1865, from Hart to Schick, for the term of ten years, at $300 per annum; the rent to be paid by Schick paying the ground-rent and interest, amounting to $132 per annum, and all taxes and water-rent, and the balance of the $300 to go in discharge of a certain debt of $1000, due by Hart to Schick. Schick covenanted to surrender the premises at the end of the term.

The plaintiffs objected to the admission of the lease, on the ground that it was in effect a mortgage, and void for want of re-

[Halo *v.* Schick.]

cord, and because it was not proposed to show that possession was taken by the lessee at the execution of the lease, nor before the entry of the judgment on which the premises were sold. The offer was admitted, and a bill of exceptions sealed.

The plaintiffs in rebuttal gave evidence that the premises were worth a much higher rent than $300 per annum.

The question whether there was fraud in the transaction upon the creditors of Schick was submitted to the jury as a question of fact, and the court (Sharswood, P. J.) said:—

"I am of opinion that this lease is not a defeasible lease on its face, and I see no evidence in the case that it was agreed to be subject to any defeasance."

The verdict was for the defendant; the plaintiffs took a writ of error, and assigned for error the admission of the evidence and the above portion of the charge.

*S. Dickson* (with whom was *J. C. Bullitt*), for plaintiffs in error. —The lease was a mortgage, being a security for money lent: Howard *v.* Harris, 2 White & Tudor L. C. in Eq. 755; Flagg *v.* Mann, 2 Sumner 486; Van Buren *v.* Olmstead, 5 Paige 9; Hamet *v.* Dundas, 4 Barr 178. The question should have been submitted to the jury: Douglas *v.* Culverwell, 3 Giff. 257; Woodward *v.* Pickett, 8 Gray 617; Todd *v.* Campbell, 8 Casey 250; Wheeland *v.* Swartz, 1 Yeates 579; Colwell *v.* Woods, 3 Watts 188; Wharf *v.* Howell, 5 Binn. 499; Bentley *v.* Phelps, 2 W. & M. 426; Nugent *v.* Riley, 1 Met. 117; Steel *v.* Black, 3 Jones' Eq. 427.

*B. Woodward*, for the defendant in error.—Farmers' and Mechanics' Bank *v.* Ege, 9 Watts 436; Fullerton *v.* Shauffer, 2 Jones 220; Todd *v.* Campbell, 8 Casey 250.

The opinion of the court was delivered, March 5th 1868, by

AGNEW, J.—There is but a single question in this case, to wit, whether the lease was but a mortgage. It is not to be doubted that where an estate is conveyed as a security for the payment of a sum of money intending it to be defeasible on payment of the money, or to be retained by way of a forfeiture on non-payment, the instrument is but a mortgage. But if a sale or lease is made for a price, it will not be converted into a mortgage merely because the price or rent is to go in satisfaction of a former debt, in part or in whole. We think the president of the District Court therefore committed no error in saying, "I am of opinion that this lease is not a defeasible lease on its face, and I see no evidence in the case that it was agreed to be subject to any defeasance." The first thing to be noticed is the kind of estate conveyed. It was not a conveyance of the entire estate of the grantor, but a carving out of it of a mere term of years limited

[Halo v. Schick.]

to a fixed duration, sufficient to procure a satisfaction of his debt without a loss of his title to the reversion. It was given under a fixed sum payable annually as rent, which the lessee agreed and covenanted to pay during the whole term, paying thereout, first a ground-rent of $132, and all taxes and water-rent, when due, upon the premises, and then the balance only as a credit on the lessor's debt to the lessee. There was no clause of defeasance on payment of the debt at any time, nor any proof that such was the understanding when the lease was entered into. In order to make it a mortgage both parties must be able to stand upon it as such. But clearly there was no proof upon which Schick could have stood, in the event of the payment of his debt before the end of the term, to enable him to surrender his lease without the consent of Hart, and thus to exonerate himself from the payment of the rent for the remainder of the term. The fact that Schick took the lease as a means of securing payment of his debt is not sufficient. Neither the lease nor the proof shows that this was otherwise than by way of satisfaction by means of the term which the lease demised to him. Nor does the fact that the rent reserved was less than others might have been willing to pay for the property, raise a presumption of mortgage to outweigh the nature of the estate, and the liabilities assumed by which in the absence of any evidence of understanding that the premises were to be surrendered on payment of the debt before the expiration of the term. The question of fraud was fairly submitted to the jury and found in favor of Schick. As to the alleged retention of possession there is no evidence. The writ of ejectment found Schick in possession, which is a sufficient primâ facie presumption of possession under the lease, while the plaintiff gave no evidence to overturn it. If the plaintiff relied on the retention of possession as a circumstance to assist in the proof of the defeasible character of the lease, it lay on him to give it, after finding the defendant in possession and suing out his ejectment to remove him therefrom.

We think the assignments of error are not sustained, and the judgment is therefore affirmed.